59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Pattern George KAUWE, Jr., Defendant-Appellant.
 No. 94-10226.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1994.*
Decided June 28, 1995.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patten George Kauwe, Jr. appeals the district court's denial of his motion for a new trial based on newly discovered evidence. He contends that evidence of an indictment and ongoing criminal investigation of a police officer who testified at Kauwe's suppression hearing and trial constitutes newly discovered evidence requiring a new trial. We reject this contention and affirm.
 
 
 3
 In order to obtain a new trial Kauwe is required to show that "(1) the evidence is newly discovered and was unknown to [him] at the time of trial, (2) the evidence is material, not merely cumulative or impeaching, (3) the evidence will probably produce an acquittal, and (4) failure to learn of the evidence sooner was not due to a lack of diligence." United States v. Joelson, 7 F.3d 174, 178 (9th Cir.), cert. denied, 114 S.Ct. 620 (1993). The district court correctly found that Kauwe failed to satisfy the first three factors.
 
 
 4
 First, since both the illegal acts as well as the indictment of the police officer occurred approximately a year after Kauwe's suppression hearing and trial, the newly discovered evidence clearly did not exist at the time of the trial. See Contempo Metal Furniture Co. v. East Texas Motor Freight Lines, Inc., 661 F.2d 761, 766 (9th Cir. 1981); United States v. Lafayette, 983 F.2d 1102, 1106 (D.C. Cir. 1993). Second, even if the evidence existed at the time of Kauwe's suppression hearing and trial, such evidence was immaterial to the government's case. See Joelson, 7 F.3d at 178. Rather, it was merely impeaching of the indicted officer's testimony, which was corroborated by the testimony of other witnesses at both the suppression hearing and the trial. See United States v. Davis, 960 F.2d 820, 825 (9th Cir.), cert. denied, 113 S.Ct. 210 (1992). Finally, because the officer's testimony was corroborated by other witnesses, it cannot be said that the evidence could have resulted in an acquittal of Kauwe were he to receive a new trial. See Joelson, 7 F.3d at 178.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3